1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9    Kathy L. Jamieson,                    )    No. CV 06-1524-PHX-SMM
                                           )
10              Plaintiff,                  )    **ORDER**
                                           )
11   vs.                                    )
                                           )
12   Lawrence B. Slater, et al.,            )
                                           )
13              Defendants.                 )
                                           )
14   _____  )

15

16          Pending before the Court is Plaintiff Kathy Jamieson's Motion to Amend Complaint.

17   (Dkt. 6.)  Pursuant to Fed.R.Civ.P. 15, Plaintiff seeks to amend her Complaint to add the

18   business entity Lawrence Slater & Associates, P.C. as a named defendant on the grounds that

19   defendant Lawrence Slater's answer alleges that all of the actions he took were on behalf of

20   Lawrence Slater & Associates, P.C.  (Id.)

21          Except for amendments made "as a matter of course" or pursuant to stipulation, leave

22   of the Court is required to amend a pleading.  FED. R. CIV. P. 15(a).  Federal Rule of Civil

23   Procedure 15(a) governs amendments to pleadings and provides that "leave shall be freely

24   given when justice so requires."  Federal policy strongly favors determination of cases on

25   their merits, thus the policy favoring amendment is to be applied by this Court with "extreme

26   liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)

27   (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)

28

1    (quoting <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990));

2    <u>see</u> <u>Foman v. Davis</u>, 371 U.S. 178, 181-82 (1962).

3         Federal Rule of Civil Procedure 15(a)'s liberal policy favoring amendments is subject

4    to some limitations.  Grant or denial of leave to amend is within the sound discretion of the

5    Court.  <u>Swanson v. United States Forest Service</u>, 87 F.3d 339, 343 (9th Cir. 1996).  When

6    evaluating whether to grant leave to amend, the Court considers whether the amendment 1)

7    would cause prejudice to the opposing party; 2) is sought in bad faith or with dilatory motive;

8    3) is futile; 4) creates undue delay; or 5) comes after repeated failure to cure deficiencies by

9    previous amendment.  <u>Foman</u>, 371 U.S. at 182; <u>Martinez v. Newport Beach City</u>, 125 F.3d

10   777, 785 (9th Cir. 1997), <u>overruled on other grounds by</u> <u>Green v. City of Tucson</u>, 255 F.3d

11   1086 (9th Cir. 2001).

12        Although the grant of leave to amend is discretionary, in the absence of any of the

13   <u>Foman</u> factors there is a presumption that leave will be granted.  <u>Eminence</u>, 316 F.3d at 1052.

14   A denial of leave to amend "without any justifying reason appearing for the denial is not an

15   exercise in discretion."  <u>Foman</u>, 371 U.S. at 182-83.  Therefore, unless a reason exists to

16   deny leave to amend, discretion of the Court is not broad enough to permit denial.  Where

17   the record fails to indicate the Court's reasons for denial of the motion to amend, reversal is

18   likely.  <u>Levald, Inc. v. City of Palm Desert</u>, 998 F.2d 680, 691 (9th Cir. 1993).

19        Pursuant to Court's liberal policy in granting amendments under Federal Rule of Civil

20   Procedure 15(a), the Court grants Plaintiff's request to amend her Complaint to include entity

21   Lawrence Slater & Associates, P.C. as a named defendant.  To date, none of the Defendants

22   have filed an opposition to Plaintiff's Motion to Amend Complaint based on any of the

23   <u>Foman</u> factors or for any other reason.  Thus, the Court will grant Plaintiff's Motion to

24   Amend.  <u>See</u> <u>Eminence</u>, 316 F.3d at 1052 (in the absence of any of the <u>Foman</u> factors there

25   is a presumption that leave will be granted).

26        Accordingly,

27   / / /

28                                                         - 2 -

1    **IT IS HEREBY ORDERED GRANTING** Plaintiff's Motion to Amend.  (Dkt. 6.)

2    **IT IS FURTHER ORDERED** that the Clerk of Court shall file the attached First

3    Amended Complaint as the First Amended Complaint in this action.

4    DATED this 25th day of September, 2006.

5

6

7                                          Stephen M. McNamee
                                       United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

**DAVIS MILES, PLLC**
P.O. BOX 15070
MESA, AZ 85211
Telephone: (480) 733-6800
Fax: (480) 733-3748

Richard R. Thomas #010484
Lori A. Curtis #021738
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KATHY L. JAMIESON, an individual; | **CASE NO. CV06-1524-PHX-SMM** |
| Plaintiff, | |
| vs. | |
| LAWRENCE B. SLATER and JANE DOE SLATER, husband and wife; JAMES BRET MARCHANT and JANE DOE MARCHANT, husband and wife; MONICA JAGELSKI and JOHN DOE JAGELSKI, husband and wife; and LAWRENCE SLATER & ASSOCIATES, P.C., an Arizona professional corporation; | **AMENDED COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff, Kathy L. Jamieson, formerly known as Kathy L. Marchant ("Jamieson"), brings the following Amended Complaint against Defendants.

### I.     INTRODUCTION

1.      This case arises from Defendants' malicious conspiracy to unlawfully acquire real property of Jamieson.  To accomplish this unlawful purpose, Defendants James Bret Marchant ("Marchant") and Monica Jagelski ("Jagelski") each hired Arizona attorney Lawrence B. Slater ("Slater") to file separate, groundless claims against Jamieson and to prepare and record separate,

1

groundless *lis pendens* on Jamieson's real property.  In this action, Jamieson seeks to hold that conspiracy liable for the damage it has caused.

## II.   PARTIES, JURISDICTION AND VENUE

2.     Plaintiff Kathy L. Jamieson (hereinafter "Jamieson"), is a citizen and resident of Texas.

3.     Upon information and belief, Defendants Lawrence B. Slater and Jane Doe Slater (hereinafter "Slater"), are husband and wife, and are citizens and residents of Maricopa County, Arizona.     Upon information and belief, all actions by Defendant Slater were taken for and on behalf of the marital community.  Slater has caused acts or events to occur in this district out of which these claims arose.

4.     Upon information and belief, Defendants James Bret Marchant and Jane Doe Marchant (hereinafter "Marchant"), are husband and wife, and are residents of Pinal County, Arizona.     Upon information and belief, all actions by Defendant Marchant were taken for and on behalf of the marital community. Marchant has caused acts or events to occur in this district out of which these claims arose.

5.     Upon information and belief, Defendants Monica Jagelski and John Doe Jagelski (hereinafter "Jagelski"), are husband and wife, and are residents of Pinal County, Arizona.     Upon information and belief, all actions by Defendant Jagelski were taken for and on behalf of the marital community. Jagelski has caused acts or events to occur in this district out of which these claims arose.

6.     Upon information and belief, Defendant Lawrence Slater & Associates, P.C. (hereinafter "Slater & Associates"), is an Arizona professional corporation owned and operated by

2

Defendant Slater. Upon information and belief, all actions by Defendant Slater were taken both on his own behalf and for and on behalf of Slater & Associates. Slater & Associates is therefore liable for such acts under the principle of *respondeat superior*. Slater has caused acts or events to occur in this district out of which these claims arose.

7. Defendants conspired together, and otherwise acted in concert, to harm Jamieson, as described herein. Consequently, Defendants are jointly and severally liable for the acts of one another as alleged herein.

8. The amount in controversy exceeds $75,000. Complete diversity exists between Plaintiff and Defendants. This court has subject matter jurisdiction under 28 U.S.C. § 1332.

9. Venue is proper in this Court under 28 U.S.C. § 1391(a).

### III.   GENERAL FACTUAL ALLEGATIONS

10. In or about the summer of 1996, Jamieson and Defendant James Bret Marchant (hereinafter "Marchant") began a romantic relationship. Marchant then moved in with Jamieson in or about December 1996.

11. At that time, Marchant was still married to Defendant Monica Jagelski (hereinafter "Jagelski"). Upon information and belief, a petition seeking dissolution of Marchant and Jagelski's marriage was filed on or about August 27, 1997.

12. Marchant and Jagelski's marriage ended in divorce through the dissolution decree filed on or about June 26, 1998.

13. On or about December 22, 1997, Jamieson purchased the real property legally described as:

**BEGINNING at the Southeast corner of Lot 8, Sun Valley Farms Unit IV as**

3

recorded in Book 1 of Surveys, Page 50, thereof.  Pinal County Records, Arizona, said subdivision being located in Section 30, Township 2 South, Range 8 East, Gila and Salt River Base and Meridian, Pinal County, Arizona;

THENCE North 89° 35' 06" West, along the Southerly line of said Lot 8, a distance of 697.95 feet to a point from which the Southwest corner of said Lot 8 bears North 89° 35' 06" West, 602.00 feet distance therefrom;

THENCE North 0° 10' 06" East, being parallel with the Easterly line of said Lot 8, a distance of 413.30 feet;

THENCE South 89° 37' 56" East, being parallel with the Northerly line of said Lot 8, a distance of 697.95 feet to a point on the Easterly line of said Lot 8 and from which point the Northeast corner of said Lot 8 bears North 0° 10' 06" East 842.55 feet distant therefrom;

THENCE South 0° 10' 06" West, along the said Easterly line of Lot 8, a distance of 413.87 feet to the TRUE POINT OF BEGINNING.

(hereinafter referred to as "Parcel 1" or "Sangria Property").

14.     On or about November 19, 1997, Jamieson purchased the real property legally described as:

The East half of the following described parcel:

COMMENCING at the East quarter corner of Section 2, Township 3 South, Range 8 East, Gila and Salt River Base and Meridian, Pinal County, Arizona, being marked by a 5/8 inch Iron Bar;

THENCE West, (assumed bearing) along the East-West mid-section line of said Section 2, a distance of 2,696.40 feet TRUE POINT OF BEGINNING;

THENCE CONTINUING West, along the said East-West mid-section line of Section 2, a distance of 1,319.52 feet to a point from which the West quarter corner of said Section 2 bears West, 1,469.93 feet distant therefrom;

THENCE North 0° 30' 39" West, a distance of 2,644.55 feet to a point on the Northerly line of said Section 2, and from which point the Northwest corner of said Section 2 bears North 89° 52' 13" West, 1,487.25 feet distant therefrom;

THENCE South 89° 52' 13" East, along the said Northerly line of Section 2, a distance of 1,020.59 feet to the South quarter corner of Section 35, Township 2 South, Range 8 East, being marked by a 1/2 inch bar with 2 inch aluminum

cap;

THENCE North 89° 52' 03" East, along the said Northerly line of Section 2, a distance of 238.21 feet to the North quarter corner of said Section 2, being marked by a 1/2 inch bar with 2 inch aluminum cap;

THENCE CONTINUING North 89° 52' 03" East, along the said Northerly line of Section 2, a distance of 58.62 feet to a point from which the Southeast corner of said Section 35, Township 2 South, Range 8 East, bears North 89° 52' 03" East, 2,344.02 feet distant therefrom;

THENCE South 0° 33' 24" East, being parallel with the Easterly line of the West half, Northeast quarter of said Section 2, a distance of 2,642.94 feet to the TRUE POINT OF BEGINNING.

RESERVING UNTO the Grantor, his heirs and assigns, and TOGETHER WITH an easement for ingress, egress and public utilities over the Northerly 50.00 feet of said Section 2.

EXCEPT the East half of the Northeast quarter and the Westerly 208.71 feet of said Section 2.

RESERVING UNTO the Grantor, his heirs and assigns, and together with an easement for ingress, egress and public utilities over the Southerly 25.00 feet of the North half of said Section 2.

EXCEPT the East half of the Northeast quarter of said Section 2.

RESERVING UNTO the Grantor, his heirs and assigns, and together with an easement for electrical lines (for Salt River Project) over the Northerly 8.00 feet of the Southerly 33.00 feet of the North half of said Section 2.

EXCEPT the East half of the Northeast quarter of said Section 2.

(hereinafter referred to as "Parcel 2" or "Ellsworth Property").

15.     Parcel 2 is comprised of three separate parcels of real property, as evidenced by associated tax records.

16.     On or about November 1, 1999, Jamieson purchased the real property legally described as:

The West half of the Southwest quarter of the Southeast quarter of the

\\Prolaw\prolaw\Documents\10003\10003-071\204154.doc

**Southwest quarter of Section 28, Township 3 South, Range 9 East of the Gila and Salt River Base and Meridian, Pinal County, Arizona.**

(hereinafter referred to as "Parcel 3" or "George Property").  Jamieson purchased such property with Russ Brandt, non-party at suit, and Jamieson owns 50% interest in the George Property with Brandt owning the remaining 50% interest in the property.

17.    On May 5, 2001, several years after purchasing Parcels 1, 2 and 3, Jamieson married Marchant.  Jamieson never gifted, transferred or conveyed any interest in these three properties to Marchant before, during or after their marriage.

18.    On May 27, 2003, Jamieson petitioned for legal separation from Marchant, *Maricopa County Case Number FN2003-091251.*

19.    Marchant responded on June 23, 2004, with a formal answer, accompanied by a request for marital dissolution.  Marchant was and is represented in that matter by Defendant Larry Slater (hereinafter "Slater").

20.    Before even filing his answer, Marchant filed *lis pendens* on Parcels 1, 2, and 3.

21.    As a result of the *lis pendens* being filed on the properties, Jamieson was unable to sell the properties, despite offers by buyers to purchase the properties.

22.    Pursuant to A.R.S. § 12-1103 and A.R.S. § 33-420, Jamieson made proper demand on Marchant that the *lis pendens* be released, however Marchant failed to release the *lis pendens* at that time.

23.    As such, Jamieson filed a motion for summary judgment in the dissolution proceedings regarding the properties and the *lis pendens* on the properties.

6

\\Prolaw\prolaw\Documents\10003\10003-071\204154.doc

**24.**     Jamieson's motion for summary judgment was granted by the Court on or about October 10, 2005, and was reaffirmed on February 8, 2006 by way of signed Minute Entry of the Court.

**25.**     The February 8, 2006 signed Minute Entry awarded the properties to Jamieson and held that Marchant did not have any claim to title ownership of the properties.  As such, the Court ordered Respondent to remove the *lis pendens* on the properties.

**26.**     Marchant failed to remove the *lis pendens* on the properties, and filed a motion for new trial on such issue.

**27.**     The Court denied the motion for new trial and Marchant purported to release the *lis pendens* on the properties on or about April 21, 2006.

**28.**     Before releasing the *lis pendens* on the properties, Marchant filed a separate lawsuit in Pinal County against Jamieson through his attorney Slater and/or Slater & Associates, *Pinal County Case Number CV200600189*.  This lawsuit requests quiet title to the properties in favor of Marchant and claims Marchant had an ownership interest in the properties (hereinafter "Second Lawsuit"), despite the dissolution court's *res judicata* ruling.

**29.**     Through this Second Lawsuit, Marchant filed a second *lis pendens* on the same properties (hereinafter "Second *Lis Pendens*").  The Second *Lis Pendens* was filed on or about February 8, 2006, the same day the dissolution court issued its February 8, 2006 ruling.

**30.**     The Second Lawsuit is groundless and filed for an improper purpose.

**31.**     It is alleged upon information and belief that Marchant and Slater filed the Second Lawsuit and the Second *Lis Pendens* prior to releasing the first *lis pendens* (hereinafter "First *Lis Pendens*"), for the purpose of preventing Jamieson from selling her properties.

7

**32.** At trial for the dissolution proceedings, the Court became aware of the Second Lawsuit and Second *Lis Pendens* and ordered Marchant to release the Second *Lis Pendens* upon threat of being held in contempt of court.

**33.** The Court ordered Marchant to produce proof to the Court the Second *Lis Pendens* had been removed on or before Thursday, April 27, 2006 and specifically informed both Marchant Slater, that Marchant did not have an ownership interest in the properties and could not maintain *lis pendens* on the properties.

**34.** On April 27, 2006, Marchant produced a document to the Court which purported to show he had removed or otherwise released the Second *Lis Pendens* on the properties.

**35.** However, upon information and belief, instead of filing the release with the Pinal County Recorder's Office, Marchant filed the so-called "Release of *Lis Pendens*" with the Clerk of Pinal County Superior Court and consequently, the Second *Lis Pendens* remained a cloud on Jamieson's title to the properties.

**36.** Slater knew or should have known that the document Marchant filed was not actually a release of the *lis pendens* and that the Court believed otherwise.

**37.** Through counsel, Jamieson contacted Slater on May 9, 2006, and advised Slater of the misfiling, and demanded that he correct the misfiling.

**38.** Slater and Marchant ignored Jamieson's requests. Jamieson filed an Application for Order to Show Cause why Marchant should not have been held in contempt for his failure to remove the *lis pendens*.

**39.** Marchant filed a release of the Second *Lis Pendens* on May 23, 2006, two days before the dissolution Court's hearing on the Order to Show Cause.

8

**40.** Thereafter, Jamieson discovered that on May 19, 2006, four days before releasing the Second *Lis Pendens*, Slater signed and filed pleadings on behalf of Defendant Monica Jagelski (hereinafter "Jagelski"), Marchant's second ex-wife. These pleadings, *Pinal County Case Number CV200600803*, request quiet title to the properties and assert Jagelski's ownership interest through Marchant's ownership interest in the properties (hereinafter "Third Lawsuit"), despite the dissolution court's numerous rulings that Marchant did not have an ownership interest in the properties.

**41.** Further, it is alleged upon information and belief, on May 19, 2006, Jagelski filed a third *lis pendens* (hereinafter "Third *Lis Pendens*"), on the properties on the basis of Slater and/or Slater & Associates' pleadings.

**42.** It is alleged upon information and belief that Jagelski and Slater and/or Slater & Associates, filed the Third Lawsuit and the Third *Lis Pendens* prior to releasing the Second *Lis Pendens* for the purpose of preventing Jamieson from selling her properties.

**43.** The Third Lawsuit is groundless and brought for an improper purpose.

**44.** It is alleged upon information and belief that Slater and/or Slater & Associates, Marchant, and Jagelski have maliciously conspired together with intent to injure Jamieson by wrongfully filing civil complaints against Jamieson and using such complaints as vehicles to maliciously file groundless *lis pendens* on her properties, thereby preventing Jamieson from selling her sole and separate properties.

**45.** As a result of such wrongful and malicious acts, Jamieson has been injured and has been thwarted in selling at least one of the properties because of the resulting cloud on its title.

9

## IV.    CLAIMS FOR RELIEF

### COUNT ONE
#### (Violation of A.R.S. § 33-420)

**46.**    Plaintiff incorporates herein all foregoing allegations of this Complaint.

**47.**    Defendants filed or caused to be filed, numerous *lis pendens* against the Property in violation of A.R.S. § 33-420.

**48.**    Such *lis pendens* are and were invalid and without merit.

**49.**    Defendants have filed or caused to be filed such *lis pendens* knowing that such documents were groundless, contained a material misstatement or false claim or were otherwise invalid.  Such has been done with intent to injure or harm title to the Property, and interfere with the rights of Plaintiff.

**50.**    Such action constitutes statutory slander, entitling Plaintiff to an award of damages in the amount of not less than $5,000 or three times the amount of actual damages, and reasonable attorneys' fees and costs of this action.

**51.**    As a direct and proximate consequence of Defendants' unlawful conduct, Plaintiff suffered actual damages and has been forced to bring the present legal action in order to recover those damages and declare her title, rights and interests in and to the Property, thereby incurring attorneys' fees and costs.  The amount of such damage shall be proved at trial, but is in no case less than $1.2 million, trebled to $3.6 million.

**52.**    Defendants have acted intentionally, maliciously, and with an evil mind, justifying the imposition of punitive damages.

10

\\Prolaw\prolaw\Documents\10003\10003-071\204154.doc

## COUNT TWO
### (Tortious Interference with Business and Contractual Relations)

53.     Plaintiff incorporates herein all foregoing allegations of this Complaint.

54.     As alleged herein, at all material times, Defendants have been aware of Plaintiff's existing and prospective contracts to sell her sole and separate properties.

55.     As alleged herein, though concerted, improper, unlawful and malicious acts, Defendants have knowingly and intentionally interfered with Plaintiff's contracts and prospective business relationships.

56.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been damaged.

57.     Defendants have acted intentionally, maliciously, and with an evil mind, justifying the imposition of punitive damages.

## COUNT THREE
### (Abuse of Process)

58.     Plaintiff incorporates herein all foregoing allegations of this Complaint.

59.     As alleged herein, Defendants have wrongfully instituted and otherwise filed, recorded and maintained frivolous *lis pendens* against Plaintiff's real property.  Defendants acted without a colorable claim and with actual and malicious intent to harass and damage Plaintiff and place a cloud on the title of her properties, all in an unlawful attempt to gain an advantage for Marchant in his divorce from Jamieson, or to accomplish an otherwise improper and unlawful purpose.   Defendants' conduct constitutes abuse of process.

60.     As a direct and proximate result of Defendants' abuse of process, Plaintiff has been damaged.

11

61.     Defendants have acted intentionally, maliciously, and with an evil mind, justifying the imposition of punitive damages.

**WHEREFORE**, Plaintiff Kathy Jamieson prays that judgment be entered in her favor and against Defendants jointly and severally as follows:

A.     For direct and compensatory damages in an amount to be proven at trial, but in no event less than $1.2 million;

B.     For punitive damages in an amount to be established in the sound discretion of the jury;

C.     For an award of reasonable attorneys' fees and costs;

D.     In the event of default, reasonable attorneys' fees in this action are $5,000;

E.     For pre- and post-judgment interest on all applicable amounts, at the highest legal rate;

F.     For a permanent injunction enjoining Defendants from taking any action which would further harm the rights and interests of Plaintiff with regards to the properties; and

G.     For such other and further relief as the Court deems just and proper.

DATED this ___ day of August 2006.

**DAVIS MILES, PLLC**

By  /s/ Richard R. Thomas
        Richard R. Thomas
        Lori A. Curtis
        560 West Brown Road, Third Floor
        Mesa, Arizona  85201
        *Attorneys for Plaintiff*

12

1

2

**JURY TRIAL DEMAND**

3

Plaintiff demands trial by jury of all issues so triable herein.

4

DATED this ___ day of August 2006.

5

**DAVIS MILES, PLLC**

6

7

By /s/ Richard R. Thomas

8

Richard R. Thomas

Lori A. Curtis

9

560 West Brown Road, Third Floor

Mesa, Arizona 85201

10

*Attorneys for Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13