**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy L. Jamieson,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Lawrence B. Slater and Jane Doe Slater; James Bret Marchant and Jane Doe Marchant; Monica Jagelski and John Doe Jagelski,<br><br>　　　　Defendants.<br>_____<br><br>Monica Jagelski,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Kathy Marchant (aka Jamieson),<br><br>　　　　Defendant.<br>_____ | CV 06-1524-PHX-SMM (Lead)<br>CV 06-2261-PHX-LOA (Cons.)<br><br><br><br>**ORDER** |

  Pending before the Court is Plaintiff Kathy Jamieson's Motion to Consolidate. (Dkt. 11.) Plaintiff Jamieson seeks to consolidate this action with an action filed against her by one of the named defendants in Jamieson's action: CV 06-2261-PHX-LOA. Plaintiff Monica Jagelski has filed no response to the Motion to Consolidate in her action against Jamieson or in Jamieson's action against her. Similarly defendants in the present

case, Lawrence B. Slater, Slater & Associates, and James Marchant, have not filed any response to the Motion to Consolidate. Pursuant to LRCiv 7.2(i), when an opposing party fails to file a response to a motion, the failure to file may be deemed a consent to the motion. Because Plaintiff/defendant Jagelski and defendants Slater, Slater & Associates, and Marchant have not opposed Plaintiff Jamieson's Motion to Consolidate, they are deemed to have consented to consolidation.

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[w]hen actions involving a common question of law or fact are pending before the court, it may . . . order all the actions consolidated." Fed.R.Civ.P. 42(a). Similarly, LRCiv 42.1 provides that consolidation is appropriate when two or more cases are pending before different Judges and any party believes that such cases, *inter alia*, "arise from substantially the same transaction or event" or "involve substantially the same parties or property."

In the present case, CV-06-1524, Plaintiff Jamieson alleges that Plaintiff/defendant Jagelski conspired with defendants Slater, Slater & Associates, and Marchant to unlawfully acquire real property belonging to Jamieson. In the case currently pending before Judge Anderson, CV-06-2261, Plaintiff/defendant Jagelski seeks to quiet title in, or, alternatively, partition, property belonging to Jamieson that is at issue in the CV 06-1524 case. The Court finds consolidation to be appropriate under Fed.R.Civ.P. 42(a) and LRCiv 42.1 because there is no dispute that Case No. CV-06-2261-PHX-LOA arises from substantially the same transaction or event, involves the same property, and involves substantially the same parties as in the instant case. Because both cases involve a common question of fact, judicial economy favors consolidation. Accordingly,

**IT IS HEREBY ORDERED GRANTING** Plaintiff Kathy Jamieson's Motion to Consolidate. (Dkt. 11.)

**IT IS FURTHER ORDERED** that all future filings relating to these cases shall be filed in CV 06-1524-PHX-SMM.

/ / /

/ / /

1 **IT IS FURTHER ORDERED** that a copy of this Order shall be provided to Magistrate Judge Lawrence O. Anderson.

DATED this 18th day of December, 2006.

*/s/ Stephen M. McNamee*
Stephen M. McNamee
United States District Judge

- 3 -