**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy L. Jamieson,<br><br>    Plaintiff,<br><br>vs.<br><br>Lawrence B. Slater, et al.,<br><br>    Defendants. | No. CV 06-1524-PHX-SMM<br>     CV 06-2261-PHX-SMM<br><br>**ORDER ON MOTION TO QUASH LIS PENDENS** |

Pending before the Court is Plaintiff Kathy Jamieson's Expedited Motion to Quash the Lis Pendens[1] filed on her properties[2] by Defendant Monica Jagelski. ("Jagelski") (Dkt. 21). Jamieson alleges that Defendant Jagelski, in conspiracy with Co-Defendants James Marchant and Lawrence Slater, filed groundless lis pendens on the properties in an attempt to unlawfully acquire Plaintiff's real property. Jagelski contends that she is entitled to fee simple ownership of one-fourth of the properties at issue. Although it appears on its face that the underlying action affects title in this case, because of the particularities of this specific case and the underlying issues including those in the corresponding state actions involving community property, constructive trusts, and other complex issues areas of the law, the Court finds the following.

---

[1] *Lis pendens* is a statutory substitute for notice of a legal proceeding which affects the title to realty. A.R.S. § 12-1191. *Kelly v. Perry,* 531 P.2d 139 (Ariz. 1975).

[2] The properties referred to in this Order are the Sangria and Ellsworth Properties referenced in the record.

In deciding a Motion to Quash, the scope of the trial court's inquiry is generally limited to determining whether the action is one "affecting title to real property." A.R.S. § 12-1191(A). "While some examination of the merits of the case may be required for this purpose, the action under § 33-420 is not intended to be an expedited hearing on the underlying action." *Evergreen West, Inc. v. Boyd*, 810 P.2d 612, 618 (Ariz.App.,1991). "The purpose of A.R.S. § 33-420 is to permit the expeditious removal of a lis pendens alleged to be groundless only where the claim that the underlying action is one affecting title to real property has no arguable basis or is not supported by any credible evidence...while this determination may require the trial court to look beyond the pleadings, it should not involve a decision on the merits of the underlying action. Upon a showing that the claim has 'some basis,' *Coventry Homes, Inc. v. Scottscom Partnership,* 155 Ariz. 215, 745 P.2d 962 (App.1987), the lis pendens should remain in effect until a trial on the merits." *Evergreen West, Inc.*, 810 P.2d at 619.

After careful consideration, the Court finds that the Plaintiff is ultimately seeking to resolve the merits of the case through a Motion to Quash Lis Pendens.  In the  instant case, it is the Court's determination that the appropriate vehicle to accomplish what is sought in Plaintiff's Complaint is through a Motion for Summary Judgment filed in accordance with Rule 56 of the Federal Rules of Civil Procedure.[3]  Given the specific circumstances of this case,  the Court finds that it is critical to examine the merits of the case in order to properly decide the Motion to Quash, requiring examination of a nature that the Court finds best suited for summary judgment.  Moreover, if the Court finds that summary judgment in favor of Jamieson is appropriate, the removal of the lis pendens will be part and parcel of the granting of summary judgment.  In sum, the Court finds that in the instant case, the act of quashing

---

[3] The Court expects that all appropriate documents will be authenticated and filed in accordance with the Federal and Local Rules of Civil Procedure.

- 2 -

1  the lis pendens is a byproduct of the determination of the merits of this case.  Therefore, the
2  Expedited Motion to Quash the Lis Pendens (Dkt. 21) is hereby **DENIED,** without prejudice.
3      Accordingly,
4      **IT IS HEREBY ORDERED** that Plaintiff's Expedited Motion to Quash Lis Pendens
5  is hereby **DENIED**.
6      **DATED** this 20th day of March, 2007.

_____
Stephen M. McNamee
United States District Judge

- 3 -