1   **WO**

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                      FOR THE DISTRICT OF ARIZONA

9

10   Kathy L. Jamieson, an individual,      )   No. CIV 06-1524-PHX-SMM
                                            )   No. CIV 06-2261-PHX-SMM
11            Plaintiffs,                    )
                                            )   **ORDER**
12   v.                                      )
                                            )
13   Lawrence B. Slater, et al.,            )
                                            )
14            Defendants.                    )
                                            )
15   Monica Jagelski,                        )
                                            )
16            Plaintiff                      )
                                            )
17   v.                                      )
                                            )
18   Kathy Marchant (a.k.a Jamieson)        )
                                            )
19            Defendant.                     )

20

21          Pending before the Court is the Motion to Strike Exhibit B to Monica Jagelski's

22   (Jagelski)  Amended Complaint (Doc. 55), filed by Kathy Jamieson pursuant to Fed. R. Civ.

23   P. 12(f) as redundant, immaterial, impertinent, and scandalous.

                                **BACKGROUND**

24          In the summer of 1996, Kathy Jamieson ("Jamieson") and James Marchant

25   ("Marchant") began a romantic relationship, despite Marchant still being married to Jagelski.

26   (Id.) In December of 1996,  Marchant moved in with Jamieson.  In January of 1998,

27   Jamieson purchased a parcel of real property ("Sangria Property") and in February of 1998,

28

1    she purchased another parcel of land ("Ellsworth Property")[1].  Both properties are titled in

2    Jamieson's name alone.  At the time Jamieson purchased the properties, Jagelski was married

3    to Marchant; however, Marchant was living with Jamieson.  Jagelski's and Marchant's

4    petition for dissolution of marriage was filed in August 1997, and their divorce decree was

5    granted in June 1998.  (Id.)  Thereafter, on May 5, 2001, Jamieson and Marchant were

6    married.  (Id. at 3.)  Jamieson asserts that she never "gifted, transferred or conveyed any

7    interest in [the Properties] to Marchant before, during, or after their marriage."  (Id. at 3.)

8    **Divorce of Jamieson and Marchant**

9    On May 27, 2003, Jamieson petitioned for legal separation from Marchant.  Marchant

10   was represented by Slater, and responded by filing *lis pendens* on the Properties  (the "First

11   *lis pendens"*) and a request for marital dissolution (the "Dissolution Action").    (Id.)

12   Jamieson alleges that, as a result of the First lis pendens, she was not able to sell the

13   Properties, despite offers to purchase she received from buyers.  (Id.)  Consequently,

14   Jamieson demanded that the First *lis pendens* be released, but Marchant failed to comply

15   (Id.)

16   During the divorce proceedings, a receiver ("Receiver") was appointed to prevent the

17   dissipation of assets prior to final dissolution.[2] The order appointing the Receiver stated that

18   the Receiver "shall investigate and reach conclusions as to what property is owned by the

19   Individual or their Entities and what property interests of the Individuals are community or

20   sole and separate property interests.  The receiver shall then report such conclusions to this

21   Court." *See Maricopa County Superior Court Case* FN2003-091251, July 12, 2005. Despite

22   such authorization, the Court determined not to adopt in full the Receiver's findings.

23   Specifically, with regard to the properties at issue in the present matter, the Receiver found

25          [1]Collectively referred to as the "Properties".

26          [2] The Dissolution Court specifically denied Marchant's request that a special master

27   be appointed.

28                                          - 2 -

1    that Marchant was a 50% owner of the properties; however, the Dissolution Court awarded

2    100% ownership of the Properties to Jamieson.    *Id.*

3        In the dissolution action between Jamieson and Marchant, Jamieson filed  a motion

4    for summary judgment regarding her right to sole ownership of the Properties.  On February

5    8, 2006, the dissolution court reaffirmed an earlier order granting Plaintiff's motion for

6    summary judgment and awarded the Properties to her alone.  The dissolution court rejected

7    Marchant's assertion that an oral promise could serve as the basis for a claim to real property,

8    holding instead that Marchant failed to satisfy the Statute of Frauds, A.R.S. § 33-401(B).

9    (Dkt. 7, Ex.1 at 3.)   Although the dissolution court expressly took no position on whether

10   Marchant possessed a civil claim against Jamieson, it ordered him to "immediately take all

11   steps necessary to effectively remove the  *lis pendens* filings currently of record." (Id. at 4.)

12       On the same day, Marchant, represented by Slater, filed a quiet title lawsuit against

13   Jamieson in Pinal County and recorded a second *lis pendens* on the Properties (the "Second

14   *lis pendens*").   (Dkt. 7, Exs. 2-3.)    Marchant also filed a motion for new trial on the

15   dissolution court's summary judgment ruling, which was denied on April 21, 2006.

16   Following the denial of his motion for new trial, Marchant removed only the First *lis

17   pendens*.  (Id. at 4.)

18       On April 25, 2006, during trial proceedings in the dissolution action, the court learned

19   about the Second *lis pendens* and ordered Marchant to release it under threat of being held

20   in contempt.  (Dkt. 7, Ex. 4.)  The court specifically informed both Marchant and Slater that

21   Marchant was not entitled to an ownership interest in the Properties and ordered Marchant

22   to produce proof that the Second *lis pendens* had been removed by April 27, 2006.  (Id. at

23   43-45.)   The dissolution court further ordered Slater and Marchant not to file or otherwise

24   record any additional *lis pendens* on the Properties.  (Id. at 44-45.)

25       On April 27, 2006, Marchant produced a document to the dissolution court that

26   purported to show that he had released the Second *lis pendens* from the Properties.  (Dkt. 7

27

28                                          - 3 -

at 5.)  Instead of filing the release with the Pinal County Recorder's Office, however, Marchant erroneously filed the release with the Clerk of the Pinal County Superior Court. (Id.)  Plaintiff alleges that Slater knew or should have known that the release Marchant filed did not actually release the Second *lis pendens*, which remained a cloud on the Properties' titles, and knew that the Court believed otherwise.  (Id.)

On May 9, 2006, Jamieson's attorney advised Slater of the misfiling, and demanded that it be corrected.  Neither Slater nor Marchant responded.  (Id.)  Plaintiff then filed an Application for Order to Show Cause why Marchant should not be held in contempt for failing to remove the Second *lis pendens*.  On May 23, 2006, two days before the dissolution court's hearing on the Order to Show Cause, Marchant released the Second *lis pendens*.  (Id.)

Jamieson later discovered that, on May 19, 2006, four days before Marchant released the Second *lis pendens*, Jagelski, represented by Slater, filed a quiet title lawsuit against Plaintiff in Pinal County and filed a *lis pendens* on the Properties (the "Third *lis pendens*"). (Dkt. 7, Exs. 5-6.)  Jagelski's complaint alleged that she acquired a community property interest in the Properties through the ownership interest Marchant acquired from Plaintiff during the time he was married to Jagelski.  (Dkt. 7, Ex. 5.)

Although a final divorce decree had been issued in the dissolution action between Jamieson and Marchant, Marchant appealed the dissolution court's decision awarding the Properties to Jamieson.  (Id. at note 3.)

**Disqualification of Slater and Consolidation**

Jamieson filed a Motion to Disqualify Slater as Counsel contending that Slater's status as co-defendant, counsel, and necessary  witness in the present case involved concurrent conflicts of interest that violate Ethical Rules 1.7 and 3.7 of the Arizona Rules of Professional Conduct, thereby requiring his disqualification as counsel for co-defendants Marchant and Jagelski.  Slater filed an answer on behalf of himself, Marchant, and Jagelski. (Dkt. 5.) On November 28, 2006, the Court granted the motion.  Thereafter, Jamieson moved

1    to consolidate the action she filed against Defendants (06-1524) with the action filed by

2    Jagelski against her (06-2261).  The motion was granted by the Court after none of the

3    Defendants responded to the motion. On December 29, 2006, Jamieson filed a  Motion to

4    Quash the lis pendens filed by Jagelski.  On March 20, 2007, this Court denied the Motion

5    on the grounds that given the detailed circumstances of the case, the decision entailed a more

6    extensive analysis of the evidence and was therefore better suited for summary judgment.

7    **Jagelski and the Properties**

8         Jagelski knew that the Properties were being purchased, and she asserts that she

9    "permitted" Marchant to pursue an interest in the properties for the benefit of the children.

10    The Properties were not listed in the Property Settlement Agreement for Jagelski and

11    Marchant's Dissolution Decree.  Further, Marchant is not an owner of record for the

12    Properties.  Marchant has never given any money to Jagelski for her alleged interest in the

13    Properties and Jagelski has previously never attempted to obtain money from Marchant for

14    any alleged interest in the Properties.

15    **Jagelski's Claims Against Jamieson**

16         On May 19, 2006, Jagelski filed suit against Jamieson in Superior Court. On

17    September 7, 2006, Jagelski amended her complaint prior to service of process on Jamieson.

18    On September 25, 2006, Jamieson filed a Motion to Dismiss Jagelski's Complaint which was

19    granted without prejudice, and Jagelski thereafter filed an amended complaint on April 27,

20    2007.  Whether Exhibit B attached thereto should be struck from the Amended Complaint

21    is the issue currently pending before the Court.

22                    **STANDARD OF REVIEW**

23         Pursuant to Rule 12(f), the Court may order stricken from a pleading any insufficient

24    defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P.

25    12(f).

26    ///

27

28                        - 5 -

1

## DISCUSSION

2      Jamieson contends that the Receiver's Report is clearly redundant, immaterial,

3   impertinent, and scandalous.  She alleges that it makes numerous allegations impugning her

4   honesty and integrity, accusing her of forgery, which are prejudicial.

5      Jagelski, on the other hand, describes Jamieson's motion as a "poorly disguised

6   attempt to suppress evidence that bears directly upon the issues in this case..." Jagelski avers

7   that the Report is both relevant and material because the findings pertain to issues such as

8   fraudulent concealment and aiding and abetting fraud, both claims she has alleged against

9   Jamieson. (Dkt.44).

10      Of particular importance to this Court are the actual findings of the Dissolution Court.

11   The fact that the Court did not fully adopt the Receiver's Report is critical to this Court's

12   decision to strike it from the record.  The Report contains information that the Dissolution

13   Court previously found to be factually and or legally unpersuasive, as evidenced by its

14   refusal to adopt it insofar as the Properties at issue in this case are concerned.  For example,

15   despite the Receiver finding that Marchant was a 50% owner of the properties, the

16   Dissolution Court awarded 100% ownership of the Properties to Jamieson.[3]  Furthermore,

17   as illustrated by pertinent excerpts from the Receiver's deposition, the Receiver based legal

18   conclusions that were submitted to the Court in the form of the Report, without a proper basis

19   for making such conclusions.  Moreover, the information set forth in the Report that Jagelski

20   contends is relevant and material to the case exists elsewhere in the docket, such as in the

21   declaration of Mr. Marchant.  Therefore, the Court finds that Exhibit B of Jagelski's

22   Amended Complaint is redundant, immaterial, and impertinent. Fed.R.Civ.P. 12(f).

23   ///

24   ///

25

26      [3]Therefore, the Court finds that the Report is at least moderately inconsistent with the

27   Order of another Court.

28                                            - 6 -

1    Accordingly,

2    **IT IS HEREBY ORDERED GRANTING**  the Motion to Strike Exhibit B to

3    Monica Jagelski's Amended Complaint (Dkt. 55).

4    **IT IS FURTHER ORDERED** that the Clerk of the Court shall strike from the record

5    Exhibit B from Jagelski's Amended Complaint (Dkt. 44).

6    DATED this 15th day of October, 2007.

7

8

9    Stephen M. McNamee
     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 7 -