**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kathy L. Jamieson, an individual, | ) | No. CIV 06-1524-PHX-SMM |
| Plaintiffs, | ) | No. CIV 06-2261-PHX-SMM |
| v. | ) | **ORDER** |
| Lawrence B. Slater, et al., | ) | |
| Defendants. | ) | |
| Monica Jagelski, | ) | |
| Plaintiff | ) | |
| v. | ) | |
| Kathy Marchant (a.k.a Jamieson) | ) | |
| Defendant. | ) | |

Currently before the Court is the Motion to Extend Discovery and Dispositive Motion Deadlines (Doc. 121) filed by Defendant and Plaintiff/Counterclaim Defendant James Bret Marchant and Defendant Jane Doe Marchant (collectively "Marchant"), Plaintiff Oasis Pipeliner, LLC ("Oasis"), Defendants Lawrence B. Slater, Jane Doe Slater and Lawrence

Slater & Associates, P.C. (collectively "Slater"), and Defendant/Plaintiff Monica Jagelski ("Jagelski") (collectively referred to hereafter as the "moving parties")[1].

According to the moving parties, the current dates have become untenable based upon unforseen events in the divorce proceeding between James Marchant and Kathy Jamieson, entitled *In re the Marriage of Kathy L. Marchant and James Bret Marchant*, case no. FN 2003-091251, Superior Court of Arizona, Maricopa County ("divorce action"). There remains an unresolved issue as to the valuation of Oasis - a party to one of these matters - an entity previously owned by James Bret Marchant and Kathy Jamieson and currently owned solely by Marchant.

At the time the March 2008 scheduling order was entered, a hearing in the divorce action on the valuation of Oasis was scheduled for May 2008. However, the hearing was subsequently moved to July 18, 2008 -- one week before the discovery cut-off in this action. This hearing took place weeks beyond what had been anticipated at the time the parties in these matters agreed to consolidate the cases. Each of these parties has damage claims related to the operation of Oasis. Judge Edward Ballinger heard evidence from both parties, including an expert on valuation of Oasis hired by Jamieson, and declined to make a determination of the value of Oasis. Instead, he decided to appoint a Special Master to investigate and make a report as to the value of Oasis. This decision will necessarily add several months to the process of determining the value of Oasis.

Given these circumstances, it would be practically unfeasible and fundamentally unfair for discovery and motion practice to end in these matters without allowing counsel for all of the parties to address those issues in these ongoing matters. Furthermore, the Court finds that it is only due to these unforeseen events that are beyond the moving parties' control that the instant motion was filed. *Greenawalt v. Sun City West Fire Dist.*, 250 F. Supp. 2d 1200, 1206-07 (D. Ariz. 2003) ("the district court may modify the pretrial schedule 'if it

---

[1] The moving parties are amenable to setting a mediation to resolve the claims in these cases without unnecessary expenditure -- if Jamieson is willing to do so.

1  cannot reasonably (sic) be met despite the diligence of the party seeking the extension'"); *see*
2  *also Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992).
3  Accordingly, good cause shown,
4      **IT IS HEREBY ORDERED** that all dates set in the Court's Order of March 27, 2008
5  (Doc. 108), and any deadlines set thereafter will be extended by this Order to include the
6  following:
7  1.    All discovery, including depositions of parties, witnesses, and experts, answers to
8  interrogatories, and supplements to interrogatories must be completed by **Friday, December**
9  **26, 2008**;
10 2.    All dispositive motions shall be filed no later than **Friday, February 20, 2009**; and
11 3.    All other dates set as "TBA" (Doc. 80) will continue to be open for future
12 determination by this Court.
13     DATED this 1st day of August, 2008.

Stephen M. McNamee
United States District Judge