**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy L. Jamieson, an individual, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>Lawrence B. Slater, et al., )<br>)<br>   Defendants. )<br>_____)<br>)<br>Monica Jagelski, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>Kathy Marchant (a.k.a Jamieson), )<br>)<br>   Defendant. )<br>_____)<br>)<br>James Bret Marchant, Oasis Pipeliner, )<br>LLC, )<br>)<br>   Plaintiffs, )<br>)<br>v. )<br>)<br>Kathy Jamieson, James Jamieson, and )<br>Kassie Kientz, )<br>)<br>   Defendants. )<br>_____) | No. CV 06-1524-PHX-SMM<br>No. CV 06-2261-PHX-SMM<br>No. CV 06-2631-PHX-SMM<br>(consolidated)<br><br>**ORDER** |

Currently before the Court is the Motion to Extend Discovery and Dispositive Motion Deadlines (Doc. 127) filed by Defendant and Plaintiff/Counterclaim Defendant James Bret Marchant and Defendant Jane Doe Marchant (collectively "Marchant"),

Plaintiff Oasis Pipeliner, LLC ("Oasis"), Defendants Lawrence B. Slater, Jane Doe Slater and Lawrence Slater & Associates, P.C. (collectively "Slater"), and Defendant/Plaintiff Monica Jagelski ("Jagelski") (collectively referred to hereafter as the "moving parties").

The Court previously granted an extension to the moving parties to address certain events in the still pending divorce proceeding between James Marchant and Kathy Jamieson, entitled *In re the Marriage of Kathy L. Marchant and James Bret Marchant*, case no. FN 2003-091251, Superior Court of Arizona, Maricopa County ("divorce action") (Doc. 124). Despite this extension, the moving parties contend that the dates in the Court's August 1, 2008 Order have become untenable. The unresolved issue as to the valuation of Oasis remains, affecting the proceeding before this Court. A party in the present case, Oasis is a an entity previously owned by James Bret Marchant and Kathy Jamieson equally and currently owned solely by Marchant.

At the time that the March 2008 scheduling order was entered by this Court (Doc. 108), a hearing in the divorce action on the valuation of Oasis was scheduled for May 2008. However, the hearing was subsequently moved to July 18, 2008 -- one week before the discovery cut-off in this action. This hearing took place weeks later than anticipated by the parties. Each of these parties has damage claims related to the operation of Oasis. Judge Edward Ballinger heard evidence from both parties, including an expert on valuation hired by Jamieson, but declined to make a determination of the value of Oasis. Instead, he decided to appoint a Special Master to investigate and make a report as to the value of Oasis.

In the Order appointing a Special Master, Judge Ballinger requested that the Special Master prepare a report with findings of fact and conclusions of law by January 2, 2009. Also, under the Order, the Special Master was responsible for contacting the parties or their counsel to schedule a meeting within 20 days of receipt of the Court's order to begin the valuation process. Despite this request, the Special Master has not contacted the parties, and the process of valuation has yet to begin in the divorce action.

Given these circumstances, it would be practically unfeasible and fundamentally

unfair for discovery and motion practice to end in these matters.  Furthermore, the Court finds that it is only due to these unforeseen events that are beyond the moving parties' control that the instant motion was filed.  <u>Greenawalt v. Sun City West Fire Dist.</u>, 250 F. Supp. 2d 1200, 1206-07 (D. Ariz. 2003) ("the district court may modify the pretrial schedule 'if it cannot reasonably (sic) be met despite the diligence of the party seeking the extension'"); <u>see also</u> <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992); Fed. R. Civ. P. 16 (advisory committee notes).

Accordingly, good cause shown,

**IT IS HEREBY ORDERED GRANTING** the Motion to Extend Discovery and Dispositive Motion Deadlines (Doc. 127).

**IT IS FURTHER ORDERED** that all dates set in the Court's Orders of March 27, 2008 (Doc. 108) and August 1, 2008 (Doc. 124), and any deadlines set thereafter will be extended by this Order to include the following:

1. All discovery, including depositions of parties, witnesses, and experts, answers to interrogatories, and supplements to interrogatories must be completed by **Friday, May 1, 2009**;

2. All dispositive motions shall be filed no later than **Friday, June 26, 2009**; and

3. All other dates set as "TBA" (Docs. 80 and 124) will continue to be open for future determination by this Court.

DATED this 31st day of December, 2008.

_____
Stephen M. McNamee
United States District Judge