**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy L. Jamieson, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>Lawrence B. Slater, et al.,<br><br>    Defendants.<br>_____<br>Monica Jagelski,<br><br>    Plaintiff,<br><br>v.<br><br>Kathy Marchant (a.k.a Jamieson),<br><br>    Defendant.<br>_____<br>James Bret Marchant, Oasis Pipeliner, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>Kathy Jamieson, James Jamieson, and Kassie Kientz,<br><br>    Defendants.<br>_____ | No. CV 06-1524-PHX-SMM<br>No. CV 06-2261-PHX-SMM<br>No. CV 06-2631-PHX-SMM<br>(consolidated)<br><br>**MEMORANDUM OF DECISION AND ORDER** |

    Before the Court is Defendants Lawrence B. Slater, Jane Doe Slater, and Lawrence Slater & Associates, PC's (collectively, "Slater") Motion for Partial Summary Judgment, filed February 20, 2009 (Doc. 133). Plaintiff Kathy Jamieson ("Jamieson") filed a response on April 1, 2009 (Doc. 145), and Slater replied on April 13, 2009 (Doc. 151). Having

considered the parties' memoranda and other submissions, the Court will grant Slater's motion.[1]

### BACKGROUND[2]

On August 27, 1997, Monica Jagelski ("Jagelski") filed a dissolution of marriage petition against James Bret Marchant ("Marchant") (Doc. 134, Defendants' Statement of Facts ("DSOF") ¶ 1).[3] A Decree of Dissolution of Marriage was entered on June 26, 1998 (Id. ¶ 2).

Jamieson and Marchant were married on May 5, 2001 (Id. ¶ 3). On May 27, 2003, Jamieson filed a Petition for Legal Separation Without Children against Marchant (Id. ¶ 4). Marchant was represented by Slater in these divorce proceedings (Doc. 146, Plaintiff's Statement of Facts ("PSOF") ¶ 1).

On May 29, 2003, Marchant recorded lis pendens on Parcels 1, 2 and 3 (Doc. 146, Exs. 1,2,3; DSOF ¶ 5). The lis pendens were signed and filed by Marchant (DSOF ¶ 5). Jamieson disputes that Marchant filed and recorded the lis pendens solely on his own without assistance from Slater (Doc. 146, Plaintiff's Responsive Statement of Facts ("PRSOF") ¶ 5).

On June 24, 2003, Marchant filed a Response to Petition for Legal Separation and Petition for Dissolution of Marriage (DSOF ¶ 6).

---

[1] Jamieson has requested oral argument in regards to this motion. The Court has received all the parties' briefing and finds that oral argument is not necessary to resolve the matter. See LRCiv 72.2(f).

[2] The facts are undisputed unless otherwise noted.

[3] Local Rule 56.1 requires that each material fact on which a party moving for summary judgment relies "shall be set forth in a separately numbered paragraph and shall refer to a specific admissible portion of the record where the facts finds support (for example, affidavit, deposition, discovery response, etc.)." LRCiv 56.1(a). Pursuant to the local rule, "failure to submit a separate statement of facts in this form may constitute grounds for the denial of the motion." Id. In his Statement of Facts, Slates does not refer to any portion of the record nor does he attach any evidence at all. However, Jamieson has not moved to strike any of the paragraphs in the Statement of Facts as being unsupported and nearly all of the facts are undisputed by the parties. Therefore, the Court will use the facts agreed to by the parties and will not strike Slater's motion.

The Divorce Court issued an order on October 7, 2005 declaring that all three parcels of property belonged to Jamieson "free of any community interest" (Doc. 146, Ex. 7). The Court held that Marchant needed to immediately remove the lis pendens and held that "the facts also established that [Marchant] has violated A.R.S. § 33-420 thereby entitling [Jamieson] to an award of damages. . ." (Id.). Marchant did not remove the lis pendens on Parcels 1, 2, and 3 and instead filed a civil proceeding in Pinal County and recorded a second lis pendens on the same properties on February 8, 2006 (Doc. 146, Ex. 4,5,6; Ex. 16, First Amended Compl. ¶¶ 28-29; DSOF ¶ 7). The lis pendens were signed by Marchant (DSOF ¶ 7). Jamieson again disputes that Marchant filed and recorded the lis pendens on his own without Slater's involvement (PRSOF ¶ 7).

When the Court became aware of the Second Lawsuit and the second lis pendens, it ordered Marchant to release the second lis pendens by April 27, 2006 (Doc. 146, Ex. 16, First Amended Compl. ¶¶ 32-33). On that date, Marchant gave a document to the Court that allegedly showed the lis pendens had been released (Id. ¶ 34). However, Marchant misfiled the document and therefore did not release the lis pendens (Id. ¶ 35). Jamieson filed an Application for Order to Show Cause why Marchant should not be held in contempt for not releasing the lis pendens (Doc. 146, Ex. 14). Marchant released the second set of lis pendens on May 23, 2006 (Id.).

Five days before the release of the second set of lis pendens on the three parcels, on May 19, 2006, Jagelski filed a civil claim and recorded another set of lis pendens on Parcels 1, 2, and 3 (DSOF ¶ 8; Doc. 146, Exs. 9, 10, 11). The lis pendens was signed by Jagelski (DSOF ¶ 8; Doc. 146, Exs. 10, 11). Jamieson disputes that Jagelski filed the civil proceeding herself and asserts that Slater signed the complaint as Jagelski's lawyer and notarized Jagelski's verification (PRSOF ¶ 8). Jamieson also disputes that Slater was uninvolved in the filing and recording of Jagelski's lis pendens (Id.).

On May 23, 2006, Marchant released the Pinal County lis pendens (DSOF ¶ 9).

**STANDARD OF REVIEW**

Upon motion at any time, a party defending against a claim may move for "partial summary judgment," that is, "summary judgment in the party's favor as to . . . any part thereof." Fed. R. Civ. P. 56(b). A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); see also Jesinger, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." Id.; see Jesinger, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. See Celotex, 477 U.S. at 317. The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 585-88 (1986); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

**DISCUSSION**

Plaintiff Jamieson alleges that Defendants "maliciously conspired together with intent to injure Jamieson by wrongfully filing civil complaints against Jamieson and using such

complaints as vehicles to maliciously file groundless lis pendens on her properties, thereby preventing Jamieson from selling her sole and separate properties." (Doc. 12). Specifically, Jamieson alleges a claim against defendants Marchant, Jagelski and their lawyer Slater pursuant to A.R.S. § 33-420 for filing groundless lis pendens in an attempt to unlawfully acquire Jamieson's property (Id.).

Slater seeks partial summary judgment on Count I of Jamieson's Amended Complaint for violating A.R.S. § 33-420 (Docs. 133, 151). Slater alleges he did not file any lis pendens; Defendant Jagelski filed one and Marchant filed two (Doc. 133, 2:25-26). Furthermore, Slater alleges that he has no interest in the property and therefore cannot be held liable under A.R.S. § 33-420 (Id. 4:1-2). Neither, Slater alleges, can he be held liable as an agent of his clients Marchant and Jagelski nor as someone who conspired with his clients because the statute does not provide liability to other parties in those cases (Id. 2:27-3:1).

In response, Jamieson alleges that Slater can be liable because he was instrumental in the filing of the lis pendens. Jamieson argues that as the lawyer who (1) represented the parties filing the lis pendens at issue, (2) prepared the lis pendens, and (3) filed the lis pendens, Slater is liable under A.R.S. § 33-420 (Doc. 145).

A.R.S. § 12-1191(A) authorizes the filing of a lis pendens where an action is involved "affecting title to real property." A.R.S. § 12-1191(A). A lis pendens serves two purposes: "The first is to provide notice to anyone 'who is interested in a particular piece of real property and who may be affected by the outcome of litigation in which the property is the subject matter of suit.'" Tucson Estates, Inc. v. Superior Court, 151 Ariz. 600, 604, 729 P.2d 954, 958 (Ct. App.1986) (quoting Mammoth Cave Prod. Credit Ass'n v. Gross, 141 Ariz. 389, 391, 687 P.2d 397, 399 (Ct. App. 1984)). The second purpose is "to prevent 'third persons from acquiring, during pendency of the litigation, interests in the property which would prevent the court from granting suitable relief.'" Id. (quoting Mammoth Cave, 141 Ariz. at 391-92, 687 P.2d at 399,400).

At common law, the recording of a lis pendens was absolutely privileged. Kelly v. Perry, 111 Ariz. 382, 384, 531 P.2d 139, 141 (1975) (citing Stewart v. Fahey, 14 Ariz.

App. 149, 481 P.2d 519 (1971)). The Arizona legislature changed this common law rule upon the enactment of A.R.S. § 33-420, which states, in part, as follows:

> **A.** A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

A.R.S. § 33-420(A). This statute proscribes the filing of any document against real property which is "forged, groundless, contains a material misstatement or false claim or is otherwise invalid." Id. A.R.S. § 33-420(A) assigns liability to "a person purporting to claim an interest" in real property "who causes a document asserting such claim" to be recorded. Id.

In his summary judgment motion, Slater concedes that whether the three lis pendens were groundless is a disputed factual issue (Doc. 133, 4:2-5). Rather, Slater argues that he does not have an interest in the property or cause the lis pendens to be filed (Doc. 151, 2:22-24). While Jamieson contends that Slater was "instrumental" in the filing of the lis pendens, the Court finds that Slater cannot be held liable under A.R.S. § 33-420(A) without Slater having an interest in the property. "In order to prevail in a statutory special action to remove a lis pendens, the plaintiff must establish that the defendant 1) has caused to be recorded a document, 2) in which he claims an interest in, or a lien or encumbrance against, real property, 3) which is forged, groundless, contains a material misstatement or false claim or is otherwise invalid." Evergreen West, Inc. v. Boyd, 167 Ariz. 614, 617, 810 P.2d 612, 619 (1991).

The primary case on which Jamieson relies, Wyatt v. Wehmueller, can be distinguished. In Wyatt, the Arizona Supreme Court considered whether liability could be imposed on a *client* under A.R.S. § 33-420(A) for filing a groundless lis pendens when the client's attorney knew the document was groundless but filed it without advising the client. 167 Ariz. 281, 806 P.2d 870 (1991). The court held that A.R.S. § 33-420(A) imposes liability only where the person causing the filing of the invalid document knows or has

reason to know that the document is groundless. Id. at 284, 806 P.2d at 873. The court reasoned that while an attorney generally is authorized to act on his client's behalf, under common-law agency principles, the attorney's knowledge as to the filed document's groundlessness could not be imputed to a client where the client was unaware of the lis pendens' filing. Id. at 284-85, 806 P.2d at 873-74. The court emphasized that the enactment of A.R.S. § 33-420(A) abrogated common law principles of imputed knowledge, and thus, the client could not be responsible for the lawyer's actions. Id.

In the present case, however, the issue is the *attorney's* liability, rather than the clients. While the Court in Wyatt entered judgment against the attorney for the wrongful filing of a lis pendens, liability was imposed under A.R.S. § 12-349, not A.R.S. § 33-420. 163 Ariz. 12, 785 P.2d 581 (Ct. App. 1989), vacated on other grounds, 167 Ariz. 281, 806 P.2d 870 (1991). A.R.S. § 12-349 allows a court to assess reasonable attorney fees and expenses against an attorney or party who "brings or defends a claim without substantial justification." A.R.S. § 12-349(A). Substantial justification means that the "claim or defense constitutes harassment, is groundless and is not made in good faith." A.R.S. § 12-349(F). This statute does not specifically deal with lis pendens, and has no requirement that the person have an interest in the property. In Wyatt, the attorney was the author of the notice of lis pendens, and had signed and filed it.

Here, the lis pendens were signed by the clients, Marchant and Jagelski, not Slater. Marchant and Jagelski were the individuals claiming an interest in the designated parcels of property, not Slater. Principles of agency cannot be used to impute liability to Slater when he does not "purport[] to claim an interest in, or a lien or encumbrance against, real property."

Additionally, in TWE Retirement Fund Trust v. Ream, titleholders brought suit against an attorney for allegedly filing wrongful lis pendens on behalf of his clients based on an out-of-state lawsuit. 198 Ariz. 268, 8 P.3d 1182 (Ct. App. 2000). The attorney had recorded a notice of lis pendens in his capacity as "Attorney for Plaintiffs." Id. at 271, 8 P.3d

at 1185. The parties alleged that A.R.S. § 33-420(A) applied and provided a right of action against the attorney. Since the attorney had signed and filed the notices of lis pendens in his capacity as "Attorney for Plaintiffs," the court found that he clearly did not claim an interest in the property. Id. at 274 n.3, 8 P.3d at 1188 n.3. Accordingly, A.R.S. § 33-420(A) did not apply. Id. Furthermore, the court cited to Wyatt for the proposition that the statute "imposes liability on the claimant (*i.e.*, the client instead of the lawyer) for causing the filing of a lis pendens...." Id. (citing Wyatt, 167 Ariz. At 284, 806 P.2d at 873). In the present case, Slater did not sign the lis pendens at all, much less in his capacity as attorney for Marchant and Jagelski. Thus, Slater did not claim an interest in the property as required under A.R.S. § 33-420(A), and cannot be held liable under that statute.

## CONCLUSION

The Court finds that Slater is not liable under A.R.S. § 33-420(A) or the holding of Wyatt. In opposing Slater's summary judgment motion, Jamieson has presented little evidence of Slater's involvement in the recording of the lis pendens on Parcels 1, 2, and 3. If Jamieson was unable to present facts essential to justify her opposition, she could have filed a Rule 56(f) affidavit asking for a continuance to enable further discovery. Fed. R. Civ. P. 56(f). Additionally, Jamieson had other remedies, such as a motion for sanctions against Slater if she believed his conduct was improper. However, A.R.S. § 33-420(A) is not the proper avenue of asserting liability against Slater. The question of Marchant and Jagelski's liability under A.R.S. § 33-420 is left for another day.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Lawrence B. Slater, Jane Doe Slater, and Lawrence Slater & Associates PC's Motion for Partial Summary Judgment is **GRANTED** (Doc. 133).

**IT IS FURTHER ORDERED** that Count I alleging a violation of A.R.S. § 33-420 is dismissed against Defendants Lawrence B. Slater, Jane Doe Slater, and Lawrence Slater & Associates P.C.

1 | DATED this 4th day of September, 2009.

                                                Stephen M. McNamee
                                                United States District Judge