**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy L. Jamieson, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Lawrence B. Slater, et al.,<br><br>　　　　Defendants.<br>_____<br>Monica Jagelski,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Kathy Marchant (a.k.a Jamieson),<br><br>　　　　Defendant.<br>_____<br>James Bret Marchant, Oasis Pipeliner, LLC,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Kathy Jamieson, James Jamieson, and Kassie Kientz,<br><br>　　　　Defendants.<br>_____ | No. CV 06-1524-PHX-SMM<br>No. CV 06-2261-PHX-SMM<br>No. CV 06-2631-PHX-SMM<br>(consolidated)<br><br>**ORDER** |

Before the Court is James Bret Marchant and Jane Doe Marchant's (collectively "Marchant") Motion for Reconsideration (Doc. 205).[1] In the Motion, Marchant seeks reconsideration of the Court's April 1, 2010 Order denying in part Marchant's summary judgment motion as to claims asserted by Kathy Jamieson ("Jamieson") (Doc. 204). For the reasons given below, the motion is denied.

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider," but a litigant subject to an adverse judgment may file a motion to alter or amend the judgment under Rule 59(e). Under the "law of the case doctrine," courts do not "reexamine an issue previously decided by the same or higher court in the same case." Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 766 (9th Cir. 2001). A court may have discretion to depart from the law of the case and reexamine an issue where: (1) the first decision was clearly erroneous; (2) there has been an intervening change of law; (3) the evidence is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). A district court abuses its discretion when it applies the doctrine of the law of the case without one of these five requisite conditions. Thomas v. Bible, 983 F.2d 152, 155 (9th Cir. 1993). A motion for reconsideration may not be used to ask the Court "to rethink what the court had already thought through – rightly or wrongly." See Defenders of Wildlife v. Ballard, 73 F. Supp. 2d 1094, 1115 (D. Ariz. 1999) (citations omitted).

The Local Rules of Civil Procedure further provide, in pertinent part, that a court will ordinarily deny a motion for reconsideration "absent a showing of manifest error or a showing of new facts or legal authority that *could not have been brought to its attention earlier with reasonable diligence*." LRCiv 7.2(g)(1) (emphasis added). Furthermore, the motion "shall point out with specificity . . . any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific

---

[1] No response was filed pursuant to Local Rule 7.2. LRCiv 7.2(g)(2) ("No response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court"). The Court did not order a response.

modifications being sought in the Court's Order." Id. Moreover, "no motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." Id. Failure to comply with Local Rule 7.2(g)(1) may be grounds for the denial of the motion. Id.

On April 1, 2010, the Court denied in part Marchant's Motion for Summary Judgment finding that a material issue of fact existed as to whether Marchant filed a groundless *lis pendens* in violation of A.R.S. § 33-420 (Doc. 204, 8:19-21). Additionally, with regard to Jamieson's tortious interference claim, the Court found a material issue of fact existed regarding whether Marchant acted with improper means or motive (Id. at 10:15-16) and whether Jamieson had a legitimate agreement to sell the Ellsworth property (Id. at 10:19-21).

On April 15, 2010, Marchant filed the present Motion for Reconsideration (Doc. 205). As to the tortious interference claim, Marchant contends that Jamieson failed to show that Marchant's actions caused a breach or termination of the business relationship or expectancy (Id. at 3:18-20). Marchant states that at the time of Jamieson's agreement to sell the Ellsworth property, she did not know that Marchant's *lis pendens* was still in effect (Id. 4:11-13). Furthermore, Jamieson testified that it was Monica Jagelski's ("Jagelski") *lis pendens* that prevented the property sale, not Marchant's (Id. 4:14-15).

Although Marchant argues that Jamieson has shown no actual damages caused by his *lis pendens*, the evidence previously submitted by the parties demonstrates that the Ellsworth sale failed due, at least in part, to Marchant's *lis pendens*. While Jamieson may have believed that Marchant's May 29, 2003 *lis pendens* was released during her initial negotiations with Robert Kline, the preliminary title report of September 2006 showed Marchant's *lis pendens* as well as Jagelski's May 19, 2006 *lis pendens* (Doc. 182, Ex. A, Jamieson Decl. ¶ 32). Despite representations to the contrary by Marchant, his *lis pendens* was never released because he listed the fee numbers incorrectly at the Pinal County Recorder's Office (Id. at ¶¶ 32, 34). The existence of the two *lis pendens* (Marchant's and Jagelski's) caused Jamieson and Kline to execute a new contract, dated August 29, 2006, with subsequent amendments extending the time to get the *lis pendens* released (Id. at ¶ 33).

As the purchase contract was expressly conditioned on the release of the *lis pendens*, and no release was ever obtained by Jamieson, the contract was terminated (Id.). Accordingly, the existence of Marchant's *lis pendens* may have caused damage to Jamieson and resulted in the termination of the Ellsworth purchase contract. Marchant's argument to the contrary is unavailing and thus, the Court will deny the Motion for Reconsideration.

As to Jamieson's claim under A.R.S. § 33-420, Marchant does not dispute the Court's ruling that a material issue of fact exists as to the groundless nature of Marchant's *lis pendens* (Doc. 205, 5:2-6). Instead, Marchant argues that Jamieson failed to show any actual damages caused by the filing of Marchant's *lis pendens* (Id. at 3:14-16; 5:6-9). Any damage was the result of Jagelski's *lis pendens* alone. Pursuant to A.R.S. § 33-420(A), a person who files a groundless *lis pendens* is liable for "five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater." Even assuming that Marchant's *lis pendens* was groundless, Jamieson can only recover a maximum of $5,000 since there were no actual damages (Id. at 3:16-18; 5:6-9). Despite Marchant's arguments, the Court finds that Jamieson has presented some evidence that Marchant caused her actual damages by failing to release the May 29, 2003 *lis pendens*, as discussed above. Thus, Marchant's request to limit Jamieson's potential recovery to $5,000 for her claim under A.R.S. § 33-420 is denied.

Finally, Marchant does not show that the Court's April 1, 2010 decision was clearly erroneous, there has been an intervening change of law, the evidence is substantially different, other changed circumstances exist, or a manifest injustice would otherwise result. Marchant appears to be asking the Court "to rethink what the court had already thought through – rightly or wrongly." See Defenders of Wildlife, 73 F. Supp. 2d at 1115. Rather, Marchant repeats written argument made in opposition to the motion for summary judgment that resulted in the Order, which fails to comply with Local Rule 7.2(g)(1) and also is grounds for denial of the motion for reconsideration. See LRCiv 7.2(g)(1).

Accordingly,

**IT IS HEREBY ORDERED DENYING** Marchant's Motion for Reconsideration (Doc. 205).

1 | DATED this 19th day of April, 2010.

                                                     Stephen M. McNamee
                                                  United States District Judge