**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy L. Jamieson, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>Lawrence B. Slater, et al.,<br><br>    Defendants.<br>_____<br>Monica Jagelski,<br><br>    Plaintiff,<br><br>v.<br><br>Kathy Marchant (a.k.a Jamieson),<br><br>    Defendant.<br>_____<br>James Bret Marchant, Oasis Pipeliner, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>Kathy Jamieson, James Jamieson, and Kassie Kientz,<br><br>    Defendants.<br>_____ | No. CV 06-1524-PHX-SMM<br>No. CV 06-2261-PHX-SMM<br>No. CV 06-2631-PHX-SMM<br>(consolidated)<br><br>**ORDER** |

    Before the Court is Defendants Lawrence B. Slater, Sandra G. Slater, and Slater & Associates, P.C.'s (collectively, "Slater") Motion for Clarification (Doc. 213). Plaintiff Kathy Jamieson ("Jamieson") filed a Response (Doc. 218).

1 | On February 20, 2009, Defendants Slater filed a motion for partial summary judgment (Doc. 133). The Court granted the motion on September 8, 2009, and dismissed Count One for slander of title against Defendants Slater (Doc. 175). Subsequently, Defendant Monica Jagelski ("Jagelski") filed a motion for summary judgment on June 26, 2009 (Doc. 161). Defendants Slater then filed a joinder to Jagelski's motion (Doc. 165). On April 1, 2010, the Court granted Jagelski's motion and dismissed Counts One, Two, and Three against Jagelski (Doc. 203). Based upon their joinder with Jagelski's motion, Defendants Slater request clarification as to whether the Court's Order dismissing Counts One, Two, and Three against Jagleski also dismissed those counts against Defendants Slater.

Count One already was dismissed as to Defendants Slater when the Court granted their partial summary judgment motion on September 8, 2009 (Doc. 175). Additionally, in her response to Jagelski's summary judgment motion, Jamieson stated that she was abandoning her claim for abuse of process (Count Three). As a result, Count Three can be dismissed against Defendants Slater. Therefore, the focus of Defendants Slater's Motion for Clarification is Count Two for tortious interference.

In her Response to Defendants Slater's motion (Doc. 218), Jamieson concedes that the Court's past Orders have eliminated Jamieson's claims against Defendants Slater in this case. However, Jamieson states that Lawrence Slater will likely be an important witness at any trial.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Defendants Lawrence B. Slater, Sandra G. Slater, and Slater & Associates, P.C.'s (collectively, "Slater") Motion for Clarification (Doc. 213). Counts One, Two, and Three of Kathy Jamieson's Amended Complaint (Doc. 12) are dismissed against Defendants Lawrence B. Slater, Sandra G. Slater, and Slater &Associates, P.C.

///

///

**IT IS FURTHER ORDERED** that Defendants Lawrence B. Slater, Sandra G. Slater, and Slater & Associates, P.C. are dismissed from this case.

DATED this 21st day of May, 2010.

_____
Stephen M. McNamee
United States District Judge